IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS,

                        Petitioner,                  OPINION AND ORDER

     v.                                                 08-cv-0117-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner Nathan Gillis raised four claims: 1) the circuit court incorrectly applied the penalty enhancer, making his sentence greater than the maximum allowed by law; 2) the circuit court denied him discovery material in preparation for the sentencing hearing (including police reports, medical records and photographs); 3) the circuit court wrongfully denied him sentencing credit for time previously served; and 4) the state violated the original plea agreement, which provided that petitioner would receive no more than 12 years in prison. In an order to show cause entered on March 14, 2008, I required the state to respond only to the first two claims, finding that petitioner's remaining claims were frivolous and did not warrant a response. Dkt. #4. Before the court are petitioner's motion for reconsideration of the court's decision on claim three, notice of interlocutory appeal on claims three and four

1

and request for certificate of appealability. Dkt. ## 7, 8 and 10. For the following reasons, petitioner's requests are denied.

OPINION

A. Motion for Reconsideration

Petitioner argues that in sentencing him to 12 years on the kidnapping charge following revocation, the circuit court should have applied a sentencing credit for the approximate 12 years that he had been incarcerated on the sexual assault and reckless endangerment charges. As discussed in the court's previous order, petitioner never served any prison time on the kidnapping charge. However, petitioner argues that even so, he is entitled to the credit because his prison sentence on the sexual assault and reckless endangerment charges ran concurrently with his sentence to 20 years' probation on the kidnapping charge. In support, petitioner cites State v. Gilbert, 115 Wis. 2d 371, 340 N.W. 2d 511 (1983), and submits a partial transcript of his April 28, 2006 revocation sentencing hearing. He also argues that documents from the Department of Corrections dated May 11, 2005 show that he was entitled to sentencing credits on the kidnapping charge.

In denying petitioner's third claim, I recognized that an improper denial of a sentencing credit could constitute a violation of the double jeopardy clause. See Jones v. Thomas, 491 U.S. 376, 380-81 (1989) (multiple punishments cannot be imposed for same offense in a single proceeding); United States v. Handford, 39 F.3d 731, 735 (7th Cir. 1994) (double jeopardy clause prohibits multiple punishments in situations in which the legislature

did not intend them). However, petitioner can not assert a double jeopardy claim under the facts of his case. As noted in the March 14, 2008 order, petitioner was charged with the separate offenses of kidnapping, sexual assault, reckless endangerment and false imprisonment. Initially, the circuit court withheld sentencing on the kidnapping charge and placed petitioner on probation for 20 years, to run concurrently with the prison sentences on the other charges. Even though petitioner was punished in the same proceeding, it was for multiple offenses, each carrying a separate penalty.

Under Wisconsin law, a sentenced defendant must be given credit for all days spent in custody in connection with the course of conduct for which sentence imposed. Wis. Stat. § 973.155(1)(a). In the case cited by petitioner, the state supreme court held that a defendant is entitled to credit for the amount of incarceration required as a condition of probation when probation is revoked and sentence is imposed. Gilbert, 115 Wis. 2d at 380. This is not the situation in this case. Petitioner may be referring to the fact that Wisconsin offers "dual credit" where a defendant can receive credit for a single episode of jail time toward two or more sentences if those sentences were imposed concurrently. State v. Gordon, 161 Wis. 2d 936, State v. Rohl, 160 Wis. 2d 325, 330, 466 N.W. 2d 208, 211 (Ct. App. 1991) (citing State v. Boettcher, 144 Wis. 2d 86, 100, 423 N.W. 2d 533, 539 (1988)). However, as the circuit court judge indicated at petitioner's revocation sentencing hearing, although petitioner was sentenced concurrently on the sexual assault and reckless endangerment charges, sentence was withheld on the kidnapping and reckless endangerment charges and petitioner was placed on 20 years' probation. Transcript, dkt. #5 at 13-15. The

sentencing court held only that petitioner would *serve* his prison term and his probation concurrently. Petitioner was not sentenced on the kidnapping charge until his probation was revoked, and the circuit court applied that sentence *consecutively* to his other sentences, which petitioner had completed. May 5, 2006 judgment of conviction, dkt. #5; see Rohl, 160 Wis. 2d at 330-31 (credit not appropriate where defendant not actually or constructively serving a former sentence on date of new sentencing) (citing State v. Morrick, 147 Wis. 2d 185-186-88, 432 N.W. 2d 654, 655-56 (Ct. App. 1988)). Also, as the circuit court noted at the revocation sentencing hearing, Wis. Stat. § 973.155 requires sentence credit for time spent in confinement, not on probation. Trans., dkt. #5 at 13-14.

Citing a May 11, 2005 letter from the Department of Corrections, petitioner contends that it shows that sentence credits had been awarded on his kidnapping charge. Letter, dkt. #5. I disagree that the letter discusses sentencing credit with respect to the kidnapping charge. However, the judgment of conviction on the kidnapping charge indicates that petitioner was entitled to and received 202 days of sentence credit under Wis. Stat. § 973.155. Judgment of conviction, dkt. #5. In any event, this fact has no bearing on plaintiff's argument. The fact that petitioner had sentence credit for time spent in pretrial or presentence confinement is irrelevant to whether he was entitled to sentence credit for the 12 years he spent in prison on the other charges.

Accordingly, the court did not err in dismissing the double jeopardy claim in the petition. Petitioner's motion for consideration is denied.

B. <u>Appeal</u>

Petitioner's request for a certificate of appealability must be denied.  In general, an appeal is permissible only from a "final order" in a habeas proceeding.  28 U.S.C. § 2253.  Because the petition is going forward on petitioner's first two claims, the suit as a whole has not been fully resolved.  An order that determines some but not all of the claims in a multi-claim case is not final and appealable unless the court enters judgment under Fed. R. Civ. P. 54(b).  <u>ITOFCA, Inc. v. MegaTrans Logistics, Inc.</u>, 235 F.3d 360, 364-65 (7th Cir. 2000); <u>United States v. Ettrick Wood Products, Inc.</u>, 916 F.2d 1211, 1217 (7th Cir. 1990).  Under that rule, a district court may direct the entry of final judgment as to some but not all of the claims in an action "only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b).  There is no just reason to enter final judgment on claims three and four at this time.  Piecemeal litigation is disfavored in the arena of habeas corpus just as it is in all civil cases.  <u>Id.</u> at advisory committee's note (1946); <u>ITOFCA, Inc.</u>, 235 F.3d at 364 n.1.  Moreover, petitioner stands little chance of succeeding on appeal on the merits of the claims.  Indeed, I found the claims to be so lacking in factual and legal merit that I declined to order the state to respond to them.  Petitioner has shown no reason to deviate from the general prohibition against piecemeal litigation that would warrant granting a partial judgment under Rule 54(b).

In the absence of a final order in this case, petitioner's request for a certificate of appealability is premature.  However, petitioner also has sought permission to take an

5

interlocutory appeal under 28 U.S.C. § 1292(b). That motion is denied. To certify an issue for interlocutory appeal under that section, the court must find that: 1) the issue certified for appeal involves a "controlling question of law;" 2) a "substantial ground for a difference of opinion" exists as to the application of this question of law; and 3) the claim is one in which the immediate appeal of this controlling question of law "may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b). Petitioner cannot meet these criteria. As indicated previously, petitioner's challenge to the trial court's refusal to credit his time served in prison is not one about which a substantial ground for a difference of opinion exists. With respect to the fourth claim, I determined that the 1994 plea agreement became null and void once petitioner violated the terms of his probation. Even a broad reading of the due process clause would not require the state to stand mute during the later sentencing hearing. Finally, a prompt appeal from the order will not materially advance the ultimate termination of this litigation. Indeed, it would serve only to delay the resolution of petitioner's remaining two claims.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for reconsideration is DENIED;

2. Petitioner's request for a certificate of appealability is DENIED as premature;

3. To the extent that petitioner's notice of appeal may be construed as a request for entry of partial judgment under Fed. R. Civ. P. 54(b), that request is DENIED; and

4.    Petitioner's request for permission to file an interlocutory appeal is DENIED.

Entered this 7th day of April, 2008.

                            BY THE COURT:

                            /s/

                            _____
                            BARBARA B. CRABB
                            District Judge