IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS,

                        Petitioner,                              ORDER

            v.                                           08-cv-0117-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner

Nathan Gillis raised four claims:  1) the circuit court incorrectly applied the penalty

enhancer, making his sentence greater than the maximum allowed by law; 2) the circuit court

denied him discovery material in preparation for the sentencing hearing (including police

reports, medical records and photographs); 3) the circuit court wrongfully denied him

sentencing credit for time previously served; and 4) the state violated the original plea

agreement, which provided that petitioner would receive no more than 12 years in prison.

In an order to show cause entered on March 14, 2008, I required the state to respond only

to the first two claims, finding that petitioner's remaining claims were frivolous and did not

warrant a response.  Dkt. #4.  On March 20, 2008, petitioner moved for reconsideration of

the court's decision on claim three.  Dkt. #5.  I denied his motion in part on April 8, 2008.

Dkt. #11.  (Petitioner's motion was referred to incorrectly as dkt. # 7 in that order.)  When

1

I entered this order, I overlooked a second motion for reconsideration that plaintiff had filed, challenging the court's decision on claim four.  Dkt. #7.  For the following reasons, the motion is denied.

Petitioner does not raise any new arguments in the motion, relying only on the allegations made in his habeas petition to the effect that the state had breached a 1994 plea agreement, under which petitioner was to receive no more than 12 years in prison, and that it had done so by arguing for imprisonment during his probation revocation sentencing hearing in 2006.  However, as discussed in the order to show cause, dkt. #4, the original agreement became null and void once petitioner violated the terms of his probation.  Not even the broadest reading of the due process clause would require the state to stand mute during the later probation revocation sentencing hearing.

In support of his second motion for reconsideration, petitioner cites <u>Santobello v. New York</u>, 404 U.S. 257 (1971), in which the state failed to honor its commitment in the plea agreement not to make a sentencing recommendation.  Contrary to petitioner's assertion, <u>Santobello</u> does not help him.  In <u>Santobello</u>, the Court "was concerned with enforcing governmental promises that had induced the defendant to plead guilty." <u>United States v. Traynoff</u>, 53 F.3d 168, 171 (7th Cir. 1995) (collecting cases).  "Reasonable and detrimental reliance on behalf of a defendant is thus a necessity; without it we will not compel the government to discharge a written agreement." <u>Id.</u>  Petitioner is not claiming that his guilty plea was involuntary or induced by an unfulfilled promise.  <u>Mabry v. Johnson</u>, 467 U.S. 504, 510 (1984) (defendant cannot attack plea that is not product of government

deception, did not rest on unfulfilled promise and satisfied test for voluntariness and intelligence).  The state upheld its end of the agreement and petitioner relied on it to his benefit.  When petitioner pleaded guilty, the government did not recommend a prison sentence and petitioner was placed on probation.  At that point, the agreement was fulfilled. When petitioner violated the terms of his probation, the government did not have any promises left to fulfill.  Plaintiff is seeking improperly to extend the government's promise to a second and separate sentencing.

It was not error to dismiss the fourth claim in the petition.


ORDER

IT IS ORDERED that petitioner's motion for reconsideration of the court's decision regarding his claim that the state violated the plea agreement is DENIED.

Entered this 5th day of May, 2008.


BY THE COURT:


/s/

BARBARA B. CRABB
District Judge