IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

                Petitioner,                REPORT AND
                                            RECOMMENDATION

      v.

                                                    08-cv-117-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

REPORT

      This petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is before me for report and recommendation to the district court. Nathan Gillis, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, was placed on probation pursuant to a judgment of conviction in the Circuit Court for Dane County for one count of kidnapping and false imprisonment. The circuit court also sentenced petitioner to a total of 12 years in prison on two counts of second degree sexual assault and one count of recklessly endangering safety. After petitioner served his prison sentence, his probation was revoked and he was sentenced to another 12 years in prison. Petitioner challenges the revocation sentencing decision, contending that he is entitled to federal habeas relief because 1) the circuit court incorrectly applied the penalty enhancer; 2) the circuit court denied him discovery material in preparation for the sentencing hearing (including police reports, medical records and photographs); 3) the circuit

court wrongfully denied him sentencing credit for time previously served; and 4) the state violated the original plea agreement, which provided that petitioner would receive no more than 12 years in prison.

I am recommending that the court deny the petition. Petitioner's first two claims fail because the state courts did not unreasonably apply clearly established federal law or unreasonably determine the facts in denying the claims. As this court determined in orders entered on March 17, April 8 and May 6, 2008, petitioner's third and fourth claims are not constitutionally cognizable. Dkts. 4, 11 and 22.

From the petition, respondent's answer, state circuit court and appellate court decisions and documents submitted by the parties, I find the following facts:

## I.  FACTS

Petitioner pleaded no contest on December 16, 1993 in the Circuit Court for Dane County on two counts of second degree sexual assault and one count of kidnapping, false imprisonment and recklessly endangering safety in violation of Wis. Stat. §§ 940.30, 940.31 and 940.225(2).[1] Petitioner also had been charged with a habitual criminality penalty enhancer on each of the counts, Wis. Stat. § 939.62 (permits increase in maximum term of imprisonment). Consolidated Court Automation Programs (CCAP) WI Circuit Court Access for Dane County Case No. 1993 CF 1555 at http://wcca.wicourts.gov (visited May 30, 2008). In 1993, the maximum term for imprisonment for kidnapping was 20 years. On March 18, 1994, the circuit

---

[1] All references are to the 2008 version of the Wisconsin Statutes.

court withheld sentence on the kidnapping and false imprisonment charges and placed petitioner on probation (20 years for kidnapping and 6 years for false imprisonment) to run concurrently with a prison sentence totaling 12 years on his other convictions. *Id.*; dkt. 12, Exh. B.

Court records available electronically show that in 2004 and 2005, petitioner questioned his prison term, probation, sentence credits and habitual offender status. Dane Cty. Case No. 1993 CF 1555 at http://wcca.wicourts.gov. In a May 9, 2005 letter to Circuit Court Judge Richard Niess, Dane County Assistant District Attorney Gretchen Hayward stated: "The defendant was not convicted as a habitual offender. Those enhancers were dismissed at the time of the plea. If the judgment of conviction is incorrect, it should be amended." Dkt. 2 at 10.

Petitioner was released from prison on September 11, 2005, but because he refused to sign the sex offender registry, he was brought to Dane County Jail. He later signed the registry and was placed at a halfway house. However, on September 17, 2005, petitioner threatened to commit suicide and was brought to the Dane County Jail for observation. Dkt. 2 at 11-13. While in jail, petitioner allegedly exhibited unusual behavior and was placed in segregation. *Id.* at 13.

On February 15, 2006, the circuit court entered a revocation order and warrant for petitioner based on findings that petitioner committed disruptive and disorderly conduct while incarcerated at the Dane County Jail in September and October 2005. Dkt. 2 at 11; Dane Cty. Case No. 1993 CF 1555 at http://wcca.wicourts.gov. During his revocation sentencing hearing on April 28, 2006, petitioner told the court that he had not yet received several documents that he had requested as necessary for him to marshal a defense during sentencing. April 28, 2006

Sentencing Transcript, dkt. 24, Attachment 1 at 27- 32. The court agreed that petitioner had a right to the documents and ordered that he be provided with his 1993 presentence investigation report, the plea agreement transcript, the police reports of the alleged crime (kidnapping), an opportunity to review the photographs of the victim and the police report of the September 17, 2005 incident. *Id.* 32-37. The circuit court adjourned the sentencing hearing until the following week. *Id.*

Because the state failed to produce all of the requested documents, petitioner filed a motion in the circuit court on May 2, 2006 to request them. Dane Cty. Case No. 1993 CF 1555 at http://wcca.wicourts.gov. On May 3, 2006, the circuit court again adjourned the sentencing hearing to allow petitioner time to review the transcripts that he had requested. *Id.* At the continuation of the sentencing hearing on May 4, 2006, the court stated that it had provided transcripts and additional materials of record to petitioner, who stated that he was ready to proceed. May 4, 2006 Sentencing Transcript, dkt. 24, Attachment 2 at 3. The state recommended that petitioner be sentenced to the maximum prison time allowable for kidnapping, or 20 years in prison. *Id.* at 8. Petitioner introduced the September 17, 2005 police report into evidence at the hearing and referred the judge to the transcript of the plea agreement, which already was part of the record. *Id.* at 16-18. The court sentenced petitioner to 12 years in prison to be served consecutively to his other sentences and credited petitioner with 202 days for time served. *Id.* at 29. In response to a question from petitioner about the length of his sentence, the court stated:

> You are eligible for a 20-year sentence. I gave you 12 years. It is consecutive to the time you have already served. And it will begin forthwith. The explanation for why I gave you twelve years has been put on the record.

*Id.* at 31.

Listed under the heading of "Description" on the May 5, 2006 Judgment of Conviction is "Kidnapping [939.62 Habitual Criminality]." Dkt. 12, Exh. A. However, at no point during either revocation sentencing hearing did the court or the state refer to a habitual penalty enhancer. Dkt. 24, Attachments 1-2. A June 13, 2006 Assessment and Evaluation Inmate Classification Summary lists "habitual criminal" under the heading of "additional offenses." Dkt. 16 at 5.

On June 27, 2006, petitioner filed a postconviction motion, which the circuit court denied. Petitioner appealed the denial of the motion and the judgment of conviction. Dane Cty. Case No. 1993 CF 1555 at http://wcca.wicourts.gov. On appeal, petitioner alleged that he had been denied discovery prior to sentencing, he had been denied proper sentence credit, that the government violated the plea agreement and a habitual penalty enhancer was improperly applied. The Wisconsin Court of Appeals consolidated petitioner's appeals and entered an order on October 3, 2007 affirming the circuit court's judgment. *Id.*; dkt. 12, Exh. C.

The appellate court noted that petitioner argued that the circuit court had applied a penalty enhancer that resulted in a sentence four years beyond the maximum allowed by law. The court disagreed, finding that when petitioner entered his plea, the habitual criminality enhancer was dismissed. The appellate court determined that the circuit court did not err with respect to the penalty enhancer because during the revocation sentencing hearing, the circuit

5

court correctly informed petitioner that he faced a maximum penalty of twenty years imprisonment without the penalty enhancer, made comments that clearly showed that it did not consider the penalty enhancer and issued a twelve-year sentence well within the maximum term allowed without the enhancer. Dkt. 12, Exh. C at 1-2.

With respect to petitioner's claim concerning denial of discovery during revocation sentencing, the appellate court found that petitioner had informed the trial court during the hearing that he did not have the documents he needed to prepare his argument. In response, the trial court continued the hearing and provided petitioner with the documents that he sought. The appellate court found that after petitioner was provided with the documents, he did not object to going forward with sentencing and did not bring his current claim about missing documents to the court's attention. As a result, the court of appeals declined to consider the issue further. Dkt. 12, Exh. C at 3 (citing *State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997)).

The court of appeals also rejected petitioner's remaining two claims. The appellate court found that petitioner was not entitled to sentencing credit for any time spent incarcerated on the sexual assault and reckless endangerment counts because the 12-year prison term imposed after revocation was related to the kidnapping charge. The appellate court also found that the plea agreement reached at the time of the original sentencing did not address expressly whether it would apply in the event that petitioner's probation was revoked. The appellate court found that the state followed the terms of the agreement at the time of petitioner's original sentencing and was not bound by the original terms of a plea agreement in sentencing after revocation.

Dkt. 12, Exh. C at 2 (citing *State v. Windom*, 169 Wis. 2d 341, 350, 485 N.W.2d 832 (Ct. App. 1992)).

Petitioner filed a petition for review, which the Wisconsin Supreme Court denied on January 22, 2008. Dkt. 2 at 6. Petitioner filed a petition for a writ of habeas corpus in this court on February 25, 2008. Dkt. 1. In an order entered on March 17, 2008 and upon reconsideration on April 8 and May 6, 2008, Judge Crabb required respondent to respond only to petitioner's claims regarding the penalty enhancer and the denial of discovery, finding that petitioner's other claims were frivolous and did not warrant a response. Dkts. 4 and 11.

## II.  ANALYSIS

**A.  Legal Framework**

Pursuant to 28 U.S.C. § 2254(d), this court must accord special deference to the conclusion reached by the state court of appeals. Specifically, this court may not grant petitioner's application for a writ of habeas corpus unless the state court's adjudication of his claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

7

A decision is "contrary to" federal law when the state court applies a rule that "contradicts the governing law set forth by the Supreme Court," or when an issue before the state court "involves a set of facts materially indistinguishable from a Supreme Court case," but the state court rules in a different way. *Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Under § 2254(d)(2), a federal court can disagree with a state court's factual determination and overturn it if the decision was objectively unreasonable or incorrect. *Miller-El v. Cockrell*, 537, U.S. 322, 340 (2003); *Baird v. Davis*, 388 F.3d 1110, 1124 (7th Cir. 2004). However, "the level of deference given state court factual findings on habeas review is exceptionally high." *Baird*, 388 F.3d at 1124 (citing *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). In fact, under § 2254(e)(1), the state court's findings of fact are presumed correct, and it is petitioner's burden to rebut that presumption with clear and convincing evidence. *Id.*

**B. Penalty Enhancer**

Petitioner alleges that the circuit court incorrectly applied the habitual criminality penalty enhancer when sentencing him after revocation, increasing his sentence in violation of his constitutional rights. Although petitioner fails to identify the constitutional basis for his claim, a criminal defendant has a due process right under the Fourteenth Amendment to be sentenced on the basis of accurate information, *United States v. Tucker*, 404 U.S. 443, 447 (1972), and a Fifth Amendment right under the double jeopardy clause to not be punished by a sentence that

is greater than that intended by the state legislature, *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989); *McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir. 2005).

Without reaching the applicable legal standard, the state court of appeals dismissed petitioner's claim because it found that the enhancer had been dismissed when petitioner entered his plea. In support, the appellate court noted that during the revocation sentencing hearing, the circuit court correctly informed petitioner that he faced a maximum penalty of 20 years imprisonment without the penalty enhancer, made comments that clearly showed that it did not consider the penalty enhancer and issued a 12-year sentence, well within the maximum term allowed without the enhancer. Petitioner contests this finding, citing the May 2006 judgment of conviction, which lists the penalty enhancer, and the June 2006 inmate classification summary that lists the enhancer as an additional offense. Because petitioner challenges only the state court's factual findings, his claim will be analyzed under § 2254(d)(2).

Petitioner has not shown clear and convincing evidence that the state court findings were incorrect or unreasonable. In 1993, petitioner was charged with kidnapping and as a habitual offender. At that time, the maximum sentence for kidnapping was 20 years; however, the enhancer would allow for an increase in that prison term. The 1994 judgment of conviction shows that petitioner was placed on 20-years probation for kidnapping without the enhancer. After petitioner questioned his habitual offender status in 2004 and 2005, the Dane County District Attorney's Office explained in a letter to the circuit court that petitioner was not convicted as a habitual offender because the enhancers were dismissed at the time of his plea.

9

Petitioner is correct that the judgment of conviction and his inmate classification form incorrectly list the enhancer as one of his offenses. However, this error does not rise to the level of a constitutional violation because it did not affect the fact or duration of petitioner's custody. 28 U.S.C. § 2254(a); *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004). The circuit court judge clearly considered only the kidnapping charge in sentencing petitioner after revocation. At the hearing, the judge explained that petitioner was eligible for a 20-year sentence but that he only gave him 12 years. The sentencing transcript also shows that the state recommended the maximum sentence, which the prosecutor stated was 20 years. With the enhancer, petitioner would have been subject to a prison sentence of more than 20 years. The 12-year prison sentence imposed on petitioner was significantly less than the legal maximum and, therefore, not in violation of his constitutional rights. Although petitioner states in his reply brief that the Department of Corrections has relied on the inmate classification summary "to raise security levels, etc., related to the kidnapping charge," he has adduced no evidence in support of this allegation. Further, petitioner would not have a constitutionally cognizable claim unless the allegedly higher security level affected the length of his sentence. *Id.* There is no indication in the record that this has occurred.

Because the state court did not unreasonably apply federal law or base its decision on an incorrect or unreasonable determination of fact, the district court should dismiss this claim.

## C. Denial of Discovery

Petitioner alleges that prior to sentencing him after revocation, the circuit court declined to provide him with copies of police reports, medical records and photographic evidence related to the original kidnapping charge. He contends that the denial of these materials prevented him from adequately defending himself during the sentencing revocation hearing. Given the loss of liberty inherent in probation revocation, probationers must be accorded the minimum requirements of due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This includes disclosure to the probationer of the evidence against him and the right to present witnesses and documentary evidence. *Gagnon*, 411 U.S. at 786; *Morrissey*, 408 U.S. at 489. The Wisconsin Court of Appeals did not address petitioner's legal right to the discovery materials and petitioner does not argue that the appellate court unreasonably applied federal law. Instead, petitioner disputes the court's finding that he received the materials that he requested prior to sentencing.

As with his first claim, petitioner has failed to show by clear and convincing evidence that the appellate court's factual determinations were incorrect and unreasonable. My review of the hearing transcripts shows that the court of appeals properly concluded that petitioner received the requested materials. At the beginning of his revocation sentencing hearing on April 28, 2006, petitioner told the court that he had not yet received several documents that he had requested. The court agreed that petitioner had a right to the documents, ordered their production and adjourned the hearing until the following week to allow petitioner an opportunity to review the materials. On May 3, 2006, the circuit court again adjourned the

sentencing hearing because petitioner had not yet received all of the requested documents. At the hearing held on the next day, the court stated that the requested materials had been provided and petitioner stated that he was ready to proceed. Petitioner did not renew his request for documents or indicate that any were missing. In fact, two of the documents were made part of the record at the hearing: the September 17, 2005 police report and the transcript of the plea agreement.

In addition to the above, the appellate court found that petitioner waived any right he may have had to appellate review because he failed to argue at sentencing that he was not provided with all of the requested documents. The appellate court correctly noted that petitioner did not object to going forward with sentencing and did not bring his current claim about missing documents to the circuit court's attention. Given these facts, which petitioner has not disputed, petitioner would have procedurally defaulted any habeas claim that he may have had by failing to present it to the state courts in the proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must present claims fully and fairly to the state courts); *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (petitioner can procedurally default federal claim by failing to meet *state* procedural requirement that adequately supports judgment). Wisconsin has consistently held that even a constitutional claim will be deemed waived unless it is raised timely in the circuit court. *Caban*, 210 Wis. 2d at 605 (citing cases).

When a petitioner has procedurally defaulted a claim, the federal court is barred from reviewing the merits of the constitutional claim unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice. *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). Petitioner does not argue that either exception to the procedural default doctrine applies in this case. I note that respondent only mentioned the appellate court's finding with respect to procedural default and did not make this argument clear in its response to the petition. However, nothing in the petition or other documents submitted by the parties suggests that petitioner had cause for the default. Petitioner's sole argument is that he did not receive the documents that he requested. Further, even if petitioner could show cause and prejudice or that a fundamental miscarriage of justice could result, it would be irrelevant because the state court reasonably denied petitioner's claim on the merits.

Accordingly, I recommend that the district court dismiss this claim.

**D. Conclusion**

I am recommending the dismissal of petitioner's claims related to the penalty enhancer and denial of discovery because the state court of appeals adjudicated them in a manner that was neither contrary to nor reflected an unreasonable application of clearly established federal law and that was based on a reasonable determination of the facts in light of the evidence presented. Petitioner's remaining claims should be dismissed for the reasons stated in this courts orders entered on March 17, April 8, and May 6, 2008.

RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I respectfully RECOMMEND that the petition of Nathan Gillis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Entered this 12th day of June, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge