IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

                Petitioner,　　　　　　　　　　　ORDER

   v.　　　　　　　　　　　　　　　　　　　　08-cv-117-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

      Before the court is Nathan Gillis's request for a certificate of appealability from this court's judgment entered June 20, 2008 denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

      Petitioner seeks a certificate of appealability with respect to the claims raised in his habeas petition: 1) the circuit court incorrectly applied the penalty enhancer in sentencing

him after revocation; 2) the circuit court denied him discovery material in preparation for the revocation sentencing hearing (including police reports, medical records and photographs); 3) the circuit court wrongfully denied him sentencing credit for time previously served; and 4) the state violated the original plea agreement, which provided that petitioner would receive no more than 12 years in prison. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I did not allow petitioner to go forward with his third and fourth claims because it plainly appeared that petitioner was not entitled to relief in this court. The magistrate judge reviewed petitioner's first and second claims on their merits and recommended that the petition be dismissed. I adopted the magistrate judge's report, agreeing that the state court's decision was not based on an unreasonable determination of facts, was not contrary to law and was not an unreasonable application of clearly established federal law.

      Having reviewed the initial order to show cause, the order denying petitioner's motion to reconsider it, the report and recommendation and my order adopting it, I remain convinced that petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of his claims. The magistrate judge was correct in concluding that petitioner failed to show that the state court was incorrect or unreasonable in determining that the trial court had applied a penalty enhancer against him. Nothing in

the record indicated that the state courts were wrong in concluding that petitioner had received the discovery materials he had requested for his revocation sentencing hearing.

With respect to petitioner's double jeopardy claim (claim 3), I found in the order to show cause that in 1994, sentence was withheld on petitioner's kidnapping charge and he was placed on 20 years' probation.  The twelve years that he served in prison were related to his separate convictions for sexual assault and reckless endangerment and under Wisconsin law could not be credited toward his 2006 sentencing on the kidnapping charge after his probation had been revoked.

In his fourth claim, petitioner criticized the state for breaching the 1994 plea agreement by arguing for imprisonment during the 2006 sentencing hearing.  The state court reasonably determined that the plea agreement became null and void once petitioner violated the terms of his probation.  Even a broad reading of the due process clause would not require the state to stand mute during the later sentencing hearing.

In sum, reasonable jurists reviewing petitioner's claims would not debate that the state supreme court took petitioner's claims seriously, applied the proper Supreme Court rule and reached a decision that was "within the range of defensible positions," that is, a decision that was reasonable.  Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000). Accordingly, petitioner's request for a certificate of appealability will be denied.

ORDER

IT IS ORDERED that petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

Entered this 8th day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge

4